## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## TEXARKANA DIVISION

| | | |
|---|---|---|
| RENE KIRSCHSTEIN, ROBERT WILLIAMS, JR., AND BETTY GARRETT, NEXT FRIEND FOR KIMBERLY Y. WILLIAMS, | § § § § § | |
| **Plaintiffs** | § § | |
| vs. | § § | Civil Action No.  5:07 CV 059 |
| BOWIE COUNTY, TEXAS; JAMES PRINCE, BOWIE COUNTY SHERIFF; CORRECTIONAL MEDICAL SERVICES, INC.; WARDEN LARRY JOHNS; OFFICER MAXINE SHAVERS; OFFICER CHAD DODDY, SR.; ROXANNE FREUND AND ROGER WISE, | § § § § § § § § § § | |
| **Defendants** | § | **JURY DEMANDED** |

## DEFENDANTS CORRECTIONAL MEDICAL SERVICES, INC., ROXANNE FREUND AND ROGER WISE'S RULE 12(b)(6) and 12(b)(1) MOTION TO DISMISS

Defendants Correctional Medical Services, Inc. ("CMS"), Roxanne Freund ("Freund") and Roger Wise's ("Wise") file this Motion to Dismiss Plaintiffs' action against them for failure to state a claim upon which relief can be granted pursuant to FED. R. CIV. P. 12(b)(6), and for lack of subject matter jurisdiction under FED. R. CIV. P. 12(b)(1).

### I.
### SUMMARY OF THE ARGUMENT

Defendants CMS, Freund and Wise move to dismiss Plaintiffs' claims against them pursuant to Fed. R. Civ. P. 12(b)(6) and 12(b)(1).  Plaintiffs' Complaint fails to allege any involvement by

Freund or Wise sufficient to amount to a constitutional deprivation or violation of 42 U.S.C. § 1983. Additionally, CMS, Freund and Wise are entitled to qualified immunity because they were acting under the color of law by virtue of CMS's contract with Bowie County to provide medical care to the inmates of the Bowie County Correctional Facility and the acts complained of were discretionary acts. Plaintiffs also allege that CMS, Freund and Wise failed to provide mental health care to Robert Williams and as alleged, these claims do not assert a claim under either 42 U.S.C. § 1983 or the Americans with Disabilities Act. Plaintiffs' allegations to not state a cognizable claim for violations of the Rehabilitation Act. Further, Plaintiffs' do not have a private right of action under Tex. Health & Safety Code Chapter 64. Given all of this, Plaintiffs fail to allege facts sufficient to state a claim against CMS, Freund and Wise.

Plaintiffs' claims instead are medical malpractice claims which Plaintiffs seek to recast as constitutional violations, violation of the ADA, Rehabilitation Act and violations of Texas Health & Safety Code Ch. 64. Medical malpractice claims are state law claims and this court lacks subject matter jurisdiction over such claims. Accordingly, Plaintiffs' claims should be dismissed for this reason as well.

## II.
### BACKGROUND

On April 19, 2005, Robert Bruce Williams hanged himself while in his jail cell in the Administrative Segregation Unit at the Bowie County Correction Annex on April 19, 2005. Plaintiffs filed suit on behalf of Mr. Williams and as Next friend for Kimberly Williams, surviving child of Mr. Williams.

Plaintiffs allege CMS (who was under contract with Bowie County, Texas to provide medical care to the inmates of the Bowie County Correctional Facility), Freund and Wise, acting under color of law, were deliberately indifferent to Mr. Williams' medical needs by failing to provide proper mental health treatment in violation of his rights under the fifth, Eighth, and Fourteenth Amendments and 42 U.S.C. § 1983. Plaintiff further alleges that CMS is liable for violations of the Americans with Disabilities Act, 42 U.S.C. § 12132, the Rehabilitation Act, 29 U.S.C. 794 and Texas Health & Safety Code Chapter 64.

Because Plaintiffs' Complaint fails to allege sufficient facts to state a claim against CMS, Freund and Wise, these Defendants move this Court to dismiss the claims against them. Further, Plaintiffs' claims against these Defendants are in reality claims for medical malpractice. As such, this Court lacks subject matter jurisdiction over Plaintiffs' claims because they are state law claims and do not present a federal question.

### III.
### ARGUMENTS AND AUTHORITIES

B.  **FED. R. CIV. P. 12(b)(6) Motion to Dismiss for Failure to State a Claim**.

    a.  *Standard of Review.*

This Court has authority to dismiss a suit for failure to state a claim upon which relief can be granted if the Complaint clearly demonstrates that Plaintiffs cannot prove any set of facts that would entitle it to relief. *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984). In their Complaint, Plaintiffs allege Freund and Wise, acting under color of law and acting pursuant to customs and policies of Bowie County, Sheriff James Prince, Civigenics, as well as their employer Correctional Medical Services, Inc. ("CMS"), deprived Mr. Williams of rights and privileged secured to him by

the Fifth, Eighth and Fourteenth Amendments to the U.S. Constitution and 42 U.S.C. § 1983 with deliberate, callous and conscious indifference to those rights. Specifically, Plaintiffs contend that CMS, Freund and Young subjected Mr. Williams to confinement with constitutionally inadequate mental health treatment, medical services, and medication care. Even if Plaintiffs prove each of these allegations, however, they have not set forth the essential elements of a claim upon which relief can be granted.

Section 1983 provides a vehicle for redressing the violation of federal law by those acting under color of state law. *Middlesex County Sewerage Auth. v. National Sea Clammers Ass'n,* 453 U.S. 1, 19 (1981). To prevail on a § 1983 claim, Plaintiffs must prove that a person acting under the color of state law deprived him of a right secured by the Constitution or laws of the United States. 42 U.S.C. § 1983; *Daniels v. Williams,* 474 U.S. 327, 330, 88 (1986); *Augustine v. Doe,* 740 F.2d 322, 324 (5th Cir. 1984). Plaintiff must support their claim with specific facts demonstrating a constitutional deprivation and may not simply rely on conclusory allegations. *Schultea v. Wood,* 47 F.3d 1427, 1433 (5th Cir. 1995). Thus, in order for Plaintiffs to recover, they must establish that CMS, Freund and Wise deprived Mr. Williams of a right guaranteed by the constitution or laws of the United States. *Baker v. McCollan,* 443 U.S. 137, 139, 61 L. Ed. 2d 433, 99 S. Ct. 2689 (1979). Plaintiffs must further prove that the alleged constitutional or statutory deprivation was intentional or due to deliberate indifference--not the result of mere negligence.

    2.    *Plaintiffs' Complaint Fails to Allege Any Involvement on the Part of Freund or Wise Sufficient to State a Claim for the Alleged Constitutional Deprivations.*

In order to maintain their claims against CMS, Freund and Wise, Plaintiffs must set forth allegations sufficient to state a claim under 42 U.S.C. § 1983. To state a cause of action under §

DEFENDANTS CORRECTIONAL MEDICAL SERVICES, INC., ROXANNE
FREUND AND ROGER WISE'S RULE 12(b)(6) and 12(b)(1) MOTION TO DISMISS
446343.1(573.0107)

Page 4

1983, the plaintiff must allege facts reflecting the defendants' participate in the alleged wrong, specifying the personal involvement of each defendant. *Murphy v. Kellar*, 950 F.2d 290, 292 (5th Cir. 1992). The doctrine of *respondeat superior* does not apply. *Williams v. Luna*, 909 F.2d 121, 123 (5th Cir. 1990). Plaintiffs have failed to specifically allege any involvement whatsoever on the part of Freund. Similarly, Plaintiffs' only allegation as to the involvement of Wise in Paragraph 30 of the Complaint, which states only that Wise ordered Mr. Williams to be transferred from his "psych cell" located in the infirmary of the Bi-State facility to an Administrative Segregation cell located in the Bowie County Correctional facility.

> a.    Defendant Freund.

Freund is named as a Defendant in the Complaint, however, no specific allegations are made against her in that document. In order to maintain a claim against Freund for violations of 42 U.S.C. § 1983, Plaintiffs must allege some involvement on the part of Freund personally to give rise to the claim for the constitutional deprivations for which they seek recovery. Plaintiffs' Complaint does not do that. For that reason alone, Plaintiff's claims against Defendant Freund must be dismissed.

> b.    Defendant Wise.

Plaintiffs' only allegation as to the involvement of Wise in Paragraph 30 of the Complaint, which states only that Wise ordered Mr. Williams to be transferred from his "psych cell" located in the infirmary of the Bi-State facility to an Administrative Segregation cell located in the Bowie County Correctional facility. This allegation is not sufficient to raise a claim for constitutional deprivations on the part of Defendant Wise. Based on their Complaint, Plaintiffs do not show how any action on the part of Wise caused the injury for which Plaintiffs' seek redress nor do Plaintiffs

allege any causal link between the one allegation as to Defendant Wise and the injury claimed. Accordingly, because Plaintiffs' allege no personal involvement by Wise in the alleged constitutional violations, Plaintiff claims against Wise must be dismissed.

   2,      *CMS, Freund and Wise Are Entitled to Qualified Immunity from Plaintiff's Claims.*

   Under the doctrine of qualified immunity, government officials performing discretionary functions are shielded from liability for civil damages "insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known. *Harlow v. Fitzgerald*, 457 U.S. 800, 818-19 (1982). Qualified immunity is available to defendant officials in suits arising under 42 U.S.C. § 1983. *Siegert v. Gilley*, 500 U.S. 226, 231 (1991). A party seeking damages from an official asserting a qualified immunity defense bears the burden of overcoming that defense. *United States v. Burzynski Cancer Research Inst.* 819 F.2d 1301, 1310 (5th Cir. 1987), *cert denied*, 484 U.S. 1065 (1988). In order to overcome that defense, a plaintiff must show that the official knew or reasonably should have known that the action he took within his sphere of official responsibility would violate the constitutional rights of the plaintiff. *Harlow*, 457 U.S. at 816. Additionally, plaintiffs must set forth the facts underlying their claim against that official, not mere conclusions, before he may subject officials to trial or pretrial discovery in a Section 1983 case. *Schultea v. Wood,* 47 F 3d 1427 (5th Cir. 1995).

   The birfurcated test for qualified immunity is: (1) whether the plaintiff has alleged a violation of a clearly established constitutional [or federal statutory] right; and (2) if so, whether the defendant's conduct was objectively unreasonable in the light of the clearly established law at the time of the incident. *Hare v. City of Corinth Miss.* 135 F.3d 320, 325 (5th Cir. 1998). A defendants

acts are objectively reasonable unless all reasonable officials in the defendant's circumstances would have then known the defendant's conduct violated the United States Constitution or the federal statute as alleged by the Plaintiff. *Felton v. Polles*, 315 F.3d 470, 478 (5th Cir. 2002).

Plaintiffs allege that Freund and Wise were employees of CMS in connection with CMS's contract with Bowie County to provide medical care to inmates of Bowie County. Plaintiffs admit in their Complaint that Freund and Wise were acting under color of the law. As purported employees acting under a medical services contract, acts performed by Freund and Wise by their very nature are discretionary and entitle these Defendants to the qualified immunity from suit. Further, Plaintiffs' allegations do not rise to the level of a constitutional violation. Further, Pliantiffs have made no allegations that the acts of the defendants here were objectively unreasonable or that defendants' conduct was known to be in violation of the Constitution or a federal statute. Furthermore, the actions of these defendants that Plaintiffs contend violated Mr. Williams' constitutional rights were discretionary , thus entitling them to qualified immunity from suit.

3.    *Inadvertent Failure to Provide Medical Care, Negligent Diagnosis, or Unsuccessful Medical Treatment Are Insufficient to State a Claim under Section 1983.*

Plaintiffs have not pled sufficient facts from which this Court could infer that Freund and Wise were deliberately indifferent to Mr. Williams' medical needs as required to state a claim under Section 1983. For a claim of inadequate medical care to be cognizable under Section 1983, plaintiffs must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs. *Wilson v. Seiter*, 501 U.S. 294, 297 (1991); *Estelle v. Gamble*, 429 U.S. 97, 107 (1976). Deliberate indifference is an extremely high standard to meet. *Domino v. Texas Dep't of Crim. Justice*, 239 F.3d 152, 756 (5th Cir. 2001). It is well settled that assertions of incorrect

diagnosis, inadvertent failure to provide medical care or negligent diagnosis are insufficient to state a claim for deliberate indifference. *Wilson*, 501 U.S. at 297; *Gamble*, 429 U.S. at 105-06; *Johnson v. Treen*, 759 F.2d 1236, 1238 (5th Cir. 1985). Rather, Plaintiffs must show Freund and Wise refused to treat Mr. Williams, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evidence a wanton disregard for any serious medical needs. *Johnson*, 759 F.2d at 1238. Furthermore, a decision not to provide additional treatment is a matter for medical judgment and does not constitute cruel and unusual punishment. *Gamble*, 429 U.S. at 107. As the Supreme Court noted in *Gamble*, "medical malpractice does not become a constitutional violation merely because the victim is a prisoner." 429 U.S. at 106.

Here, Plaintiffs make conclusory allegations that Freund and Wise were deliberately indifferent to Mr. Williams' medical needs without any factual allegations demonstrating acts or omission by Freund and Wise with knowledge of excessive risk to inmate health or safety. As stated above, Plaintiffs make no specific allegations against Freund and only allege that Wise ordered Mr. Williams to be transferred from his "psych cell" located in the infirmary of the Bi-State facility to an Administrative Segregation cell located in the Bowie County Correctional facility. These factual allegations are insufficient to rise to the level of subjective recklessness or refusal to provide medical services with knowledge of excessive risk to Mr. Williams health or safety. Plaintiffs' allegations of failure to recommend Mr. Williams for a mental health evaluation or transfer to a mental health facility by "nurses" and "medical personnel" are instead allegations of medical negligence that do not amount to a constitutional violation. Plaintiffs' allegations do not state a

claim for violations.  Given this, Plaintiffs' claims against CMS, Freund and Wise for violations of

42 U.S.C. § 1983 must be dismissed.

4.      *Inadvertent Failure to Provide Medical Care, Negligent Diagnosis, or Unsuccessful Medical Treatment Are Insufficient to State a Claim under the Americans with Disabilities Act.*

Likewise, Plaintiffs' claims that the CMS, Freund and Wise's purported failure to provide

medical care are insufficient to state a claim under the Americans with Disabilities Act.  Failure to

provide medical treatment, as alleged by Plaintiffs in this case, does not constitute an ADA violation.

*See Bryan v. Madigan*, 84 F.3d 246, 249 (7th Cir. 1996) (concluding that ADA "would not be

violated by a prison's failing to attend to the medical needs of its disabled prisoners" and that the

statute "does not create a remedy for medical malpractice").  While claims that the medical treatment

was inadequate or denied to a patient (which is in reality a claim for medical malpractice)  do not

constitute an ADA violation, claims that a prisoner has been denied access to services or programs

because he is disabled do give rise to an ADA violation.  *McNally v. Prison Health Servs.*, 46 F.

Supp. 2d 49, 58 (d. Me. 1999).  Plaintiffs' claims, however, do not meet this criteria.  Accordingly,

Plaintiffs' claims against CMS for violations of the Americans with Disabilities Act must be

dismissed for failure to state a claim.

5.      *Plaintiffs' claims do not give rise to a claim under the Rehabilitation Act.*

Plaintiffs also assert a claim under the Rehabilitation Act, contending the defendants violated

the statute by the acts previously set forth.  Plaintiffs' allegations, however to not give rise to a claim

under the Rehabilitation Act.  To establish a violation of the Rehabilitation Act, a plaintiff must

show that he was (1) a handicapped person; (2) was "otherwise qualified" to participate in the job

or program; (3) was denied or excluded solely by reason of his disability; and (4) the program or activity received federal funds. *Burns v. City of Columbus*, 91 F.3d 836, 841 (6th Cir. 1996).

Apart from the fact that Mr. Williams was not attempting to participate in any type of program, Plaintiffs have not alleged Mr. Williams was denied the ability to "participate" in any specific program or that he was denied participate of a program (arguable mental health care) as a result of his disability. Further, Plaintiffs have made no allegations that any program to which Mr. Williams was denied participation received federal funds. As a result, Plaintiffs' allegations do not state a claim of a violation of the Rehabilitation Act by CMS.

6.   *Plaintiffs have no private right of action to bring a claim for violations of Tex. Health & Safety Code Ch. 614.*

Plaintiffs bring a cause of action against CMS for alleged violation of Chapter 614 of the Texas Health and Safety Code. However, the statute does not create a private right of action for to individuals for failure to comply with the statute. See TEX. HEALTH & SAFETY CODE 614.001 - 614.017. Rather, the only relief created by the statute is an avenue by which complaints can be filed with and investigated by, the Texas Correctional Office on Offenders with Medical or Mental Impairments. *See* TEX. HEALTH & SAFETY CODE § 614.102 Accordingly, Plaintiffs' have no congnizable claim in this Court under Chapter 614 of the Texas Health and Safety Code and any such claims are subject to dismissal under Federal Rules of Civil Procedure 12(b)(6).

**B.   FED. R. CIV. P. 12(b)(1) Motion to Dismiss for Lack of Subject Matter Jurisdiction.**

1.   *Standard of Review.*

A motion to dismiss for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1) may be granted on the complaint alone. *Barrera-Montenegro v. United States*, 74 F.3d 657, 659 (5th Cir.

1996); *Voluntary Purchasing Groups, Inc. v. Reilly*, 889 F.2d 1380, 1384 (5th Cir. 1989). In ruling on a motion to dismiss for lack of subject matter jurisdiction, the court must take as true all of the allegations of the complaint . *Saraw Partnership v. United States*, 67 F.3d 567, 569 (5th Cir. 1995); *Garcia v. United States*, 776 F.2d 116, 117 (5th Cir. 1985). The court should grant the motion to dismiss  if it appears certain that plaintiffs cannot prove any set of facts in support of their claim which would entitle them to relief. *Saraw Partnership*, 67 F.3d at 569; *Garcia*, 776 F.2d at 117.

In the absence of diversity of citizenship, it is essential that a substantial federal question be presented to support jurisdiction. *Hagans v. Lavine*, 415 U.S. 528, 538, 39 L. Ed. 2d 577, 94 S. Ct. 1372 (1974)(citing *Ex parte Poresky*, 290 U.S. 30, 31-32 (1933)). Federal courts are without power to entertain claims otherwise within their jurisdiction, if its is "obviously without merit". *Hagans*, 415 U.S. at 537 (quoting *Poresky*, 290 U.S. at 31-32).

   2.   ***Plaintiffs' claims in this action against Freund, Wise and CMS amount to claims for medical malpractice and do not present a federal question to support jurisdiction.***

As stated above, assertions of incorrect diagnosis, inadvertent failure to provide medical care or negligent diagnosis are insufficient to state a claim for deliberate indifference. *Wilson*, 501 U.S. at 297; *Gamble*, 429 U.S. at 105-06; *Johnson v. Treen*, 759 F.2d 1236, 1238 (5th Cir. 1985). Rather, a decision to not provide treatment is a matter of medical judgment. *Gamble*, 429 U.S. at 107.  A medical malpractice claim does not become a constitutional violation claim merely because the victim is a prisoner." Gamble,  429 U.S. at 106.  Moreover, as stated above, claims that the medical treatment was inadequate or denied to a patient (which is in reality a claim for medical malpractice)

also do not constitute an ADA violation, *McNally v. Prison Health Servs.*, 46 F. Supp. 2d 49, 58 (d. Me. 1999).

Here, Plaintiffs allege that CMS, Freund and Wise provided inadequate medical care to Mr. Williams. Plaintiffs make no specific allegations against Freund and only allege that Wise ordered Mr. Williams to be transferred from his "psych cell" located in the infirmary of the Bi-State facility to an Administrative Segregation cell located in the Bowie County Correctional facility. As discussed above, these allegations do not rise to the level of a constitutional violation or a violation of the Americans with Disabilities act. Instead, Plaintiffs' allegations of failure to recommend Mr. Williams for a mental health evaluation or transfer to a mental health facility by "nurses" and "medical personnel" are allegations of medical negligence — which is a state law negligence claims and not a claim for a constitutional violation. Therefore, Plaintiffs' claims against CMS, Freund and Wise are claims for medical negligence and as such, this Court lacks subject matter jurisdiction over them. Accordingly, Plaintiffs' claims against CMS, Freund and Wise are subject to dismissal under Federal Rules of Civil Procedure 12(b)(1).

**C.     Conclusion.**

Plaintiffs' claims against CMS, Freund and Wise fail to state a claim for violations of 42 U.S.C. § 1983, the Americans with Disabilities Act, the Rehabilitation Act or Tex. Civ. Prac. & Rem. Code Ch. 64. As such, those claims must be dismissed. Additionally, because Plaintiffs' claims against these defendants sound in medical negligence, which is a state law claim and not

subject to federal court jurisdiction, Plaintiffs' claims against CMS, Freund and Wise must be dismissed because this court lacks subject matter jurisdiction over these claims.

WHEREFORE, Defendants Correctional Medical Services, Inc., Roxanne Freund, and Roger Wise move this Court to dismiss Plaintiffs' claims against them and to grant them such other and further relief, at law or in equity,  to which they may be entitled.

Respectfully submitted,

*Susan C. Cooley*

**SUSAN C. COOLEY**
State Bar No. 00793546
**RUSSELL W. SCHELL**
State Bar No.
**DENA B. MASTROGIOVANNI**
State Bar No. 24007617

**SCHELL COOLEY LLP**
15455 Dallas Parkway, Suite 550
Addison, Texas 75001
(214) 665-2000
(214) 754-0060 FAX

**ATTORNEYS   FOR   DEFENDANTS
CORRECTIONAL MEDICAL SERVICES, INC.,
ROXANNE FREUND AND ROGER WISE**

DEFENDANTS CORRECTIONAL MEDICAL SERVICES, INC., ROXANNE
<u>FREUND AND ROGER WISE'S RULE 12(b)(6) and 12(b)(1) MOTION TO DISMISS</u>
446343.1(573.0107)

Page 13

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing pleading was served on all counsel of record via certified mail return receipt requested on this **8thth day of June, 2007.**

Alwin Smith
Attorney at Law
602 Pine Street
Texarkana,  TX   75501

Robert S. Davis
Flowers Davis, PLLC
1021 ESE Loop 323, Suite 200
Tyler, Texas 75701


_____
**Susan C. Cooley**