**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TEXARKANA DIVISION**

| | |
|---|---|
| **RENE KIRSCHSTEIN, et al.,** | § |
| | § |
| **Plaintiffs,** | § |
| | § |
| v. | §   **CIVIL ACTION NO. 5:07-CV-59-DF** |
| | § |
| **BOWIE COUNTY, TEXAS, et al.,** | § |
| | § |
| **Defendants.** | § |

## O R D E R

Before the Court are Defendants Correctional Medical Services, Inc. ("CMS"), Roxanne
Freund ("Freund"), and Roger Wise ("Wise") (collectively, the "CMS Defendants")'s Rule
12(b)(6) and Rule 12(b)(1) Motion to Dismiss, Plaintiffs' response, and Defendant's reply.  Dkt.
Nos. 25, 30 & 33, respectively.  Also before the Court are Defendants CiviGenics, Inc., Officer
Maxine Shavers, and Officer Chad Doddy (collectively, the "CiviGenics Defendants")'s Motion
to Dismiss Plaintiffs' Complaint for Failure to State a Claim and For Lack of Standing,
Plaintiffs' response, and Defendants' reply.  Dkt. Nos. 27, 31 & 36, respectively.  The Court held
a hearing on December 17, 2007.  Dkt. No. 42.  Having considered the arguments of counsel and
all relevant papers and pleadings, the Court finds that Defendants' motions should be
**GRANTED IN PART** and **DENIED IN PART**.

### I. BACKGROUND

Plaintiffs brought this case against Defendants on behalf of Robert Bruce Williams
(hereinafter "Williams") who hanged himself while in his jail cell.  Dkt. No. 1, Complaint at ¶¶
36-37.  Plaintiffs allege that Defendants, acting under color of law, were deliberately indifferent

to Williams' medical needs by failing to provide proper mental health treatment in violation of his rights under the 5th, 8th, and 14th Amendments, and 42 U.S.C. § 1983.  Complaint at ¶¶ 42-48.  Plaintiffs also allege violation of the American with Disabilities Act ("ADA"), the Rehabilitation Act, and Chapter 614 of the Texas Health and Safety Code.  *Id.* at ¶¶ 49-60.

The CMS and CiviGenics Defendants now move to dismiss pursuant to FRCP 12(b)(6) and 12(b)(1).  Dkt. No. 25 & 27.  At the December 17, 2007 hearing, Plaintiffs conceded that they have no basis for alleging violation of the Rehabilitation Act and Chapter 614 of the Texas Health and Safety Code.  Dkt. No. 42.  Therefore, the Plaintiffs' Rehabilitation Act and Texas Health and Safety Code claims are hereby dismissed.  The Court proceeds to consider the remaining allegations.

## III. LEGAL PRINCIPLES

When deciding a motion to dismiss pursuant to Rule 12(b)(6) for failure to state a claim, the complaint must be liberally construed in favor of the plaintiff, and all facts pleaded in the complaint must be taken as true.  *Campbell v. Wells Fargo Bank*, 781 F.2d 440, 442 (5th Cir. 1986); *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004).  It is recognized that a motion to dismiss under Rule 12(b)(6) is disfavored and rarely granted.  *Priester v. Lowndes County*, 354 F.3d 414, 418 (5th Cir. 2004).

Although "heightened fact pleading of specifics" is not required, a plaintiff must plead facts sufficient to "state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007).  The Supreme Court explained that:

> While a complaint attached by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the "grounds" of his "entitlement to relief" requires more than labels and conclusions, and a formulaic

recitation of the elements of a cause of action will not do.  Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact).

*Id.* at 1965 (citations omitted); *See also Southern Christian Leadership Conference v. Supreme Ct.*, 252 F.3d 781, 786 (5th Cir. 2001) ("[C]onclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." (quoting *Fernandez-Montes v. Allied Pilots Ass'n*, 987 F.2d 278, 284 (5th Cir. 1993))); *Banks v. Nat'l Collegiate Athletic Ass'n*, 977 F.2d 1081, 1093 (7th Cir. 1992) (citation omitted) ("[A] complaint . . . must contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory.").

## III. DISCUSSION

### 1. Plaintiffs' 42 U.S.C. § 1983 claim

(1) Failure to make specific allegations and state "deliberate indifference"

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). "In order to state a cognizable claim, a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs."[1] *Estelle v. Gamble*, 429 U.S. 97, 106 (1976).

The CMS and CiviGenics Defendants argue that Plaintiffs' allegations are insufficient to state a claim under § 1983 since Plaintiffs fail to state a claim against the individual Defendants

[1]This statement applies specifically to claims alleging violation of the Eight Amendment of the U.S. Constitution.

Freund, Wise, Shavers, and Doddy for any constitutional violation or "deliberate indifference" and instead only provide a "global contention" against the Defendants. Dkt. No. 25 at 4-6; Dkt. No. 27 at 17-20; *See also* Dkt. No. 33 at 3. The CMS Defendants further argue that "inadvertent failure to provide medical care or negligent diagnosis are insufficient to state a claim for "deliberate indifference" under § 1983. Dkt. No. 25 at 7-8.

In § 1983 cases, a plaintiff must "state specific facts, not merely legal conclusions." *Brinkmann v. Johnston*, 793 F.2d 111, 113 (5th Cir. 1986); *See also Schultea v. Wood*, 47 F.3d 1427, 1433 (5th Cir. 1995). Also, "a plaintiff bringing a section 1983 action must specify the personal involvement of each defendant." *Murphy v. Kellar*, 950 F.2d 290, 292 (1992). The Court agrees with the Defendants that the Complaint makes global allegations against defendant—the Complaint describes the treatment that Williams received from the Defendants as a whole in the two and a half weeks preceding his suicide—and allegations regarding the personal involvement of the individual defendants were not made until Plaintiffs' responsive brief. *See* Dkt. No. 30 at 3-4; *See also* Complaint at ¶¶ 21-37. Although Plaintiffs argued at the December 17, 2007 hearing that they pled that Williams was not watched every fifteen minutes as required, the Complaint merely states that Williams was able to commit suicide "[d]espite being *supposedly* looked in on every fifteen minutes." Complaint at ¶ 36 (emphasis added). Nonetheless, the Court is not inclined to dismiss Plaintiffs' claims without allowing Plaintiffs an opportunity to amend their Complaint. "Dismissing an action after giving the plaintiff only one opportunity to state his case is ordinarily unjustified." *Shultea v. Wood*, 27 F.3d 1112, 1118 (5th Cir. 1994) (quoting *Jacquez v. Procunier*, 801 F.2d 789, 792 (5th Cir. 1986)). Therefore, the Court will allow Plaintiffs to replead to "specify the personal involvement of each defendant."

*See Murphy v. Kellar*, 950 F.2d at 292.

Furthermore, as Defendants argue, an inadvertent failure to provide adequate medical care does not show "deliberate indifference to serious medical needs" and is thus insufficient to state a claim under § 1983. *See Wilson v. Sieter*, 501 U.S. 294, 297 (1991); *Estelle v. Gamble*, 429 U.S. 97 at 106. The Fifth Circuit has indicated that "deliberate indifference" may be shown when prison personnel "refused to treat [the prisoner,] ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs." *Johnson v. Treen*, 759 F.2d 1236, 1238 (5th Cir. 1985). Since Plaintiffs have alleged repeated instances where Williams exhibited "unusual" and "bizzare" behavior, despite which mental evaluation and/or treatment was not given, the Court finds no basis for dismissal on these grounds at this time. *See* Complaint at ¶¶ 25-36.

(2) Failure to state Fifth and Eighth Amendment violations

The CiviGenics Defendants claim that Plaintiffs do not allege a federal action which is required for a 5th Amendment violation. Dkt. No. 27 at 8. The Court agrees with the Defendants that a "federal action" is required for a claim of fifth amendment violation to stand. *See Miller v. Hartwood Apartments, Ltd.*, 689 F.2d 1239, 1242-43 (5th Cir. 1982); *See also Gaston v. Houston County, Texas*, 202 F. Supp.2d 564, 571 (2001). Therefore, the Court finds that Plaintiffs' claims should be dismissed to the extent they are based on the Fifth Amendment.

The CiviGenics Defendants also claim that Plaintiffs fail to allege a viable Eighth Amendment violation since they do not allege that the incarceration stemmed from a conviction of a crime. Dkt. No. 27 at 8-9. Indeed, the Eighth Amendment only applies to convicted prisoners and not to pretrial detainees. *Jacobs v. West Feliciana Sheriff's Dept.*, 228 F. 3d 388,

393 (5th Cir. 2000) ("Unlike convicted prisoners, whose rights to constitutional essentials like

medical care and safety are guaranteed by the Eighth Amendment, pretrial detainees look to the

procedural and substantive due process guarantees of the Fourteenth Amendment to ensure

provision of these same basis needs."); *See also Hare v. City of Corinth, Miss.*, 74 F.3d 633, 639

(5th Cir. 1996).  At the December 17, 2007 hearing, Plaintiffs argued that the Eight Amendment

should still apply since Williams was in jail on a probation violation, to which Defendants

respond that his probation was not revoked at the time.  Dkt. No. 42.  The Court finds that

Williams should be deemed a convicted prisoner for purposes of the Eighth Amendment since he

was incarcerated for a probation violation, and therefore was in jail for an "old conviction."  *See*

*McColister v. NFN Casto*, 2001 WL 34124760 at *2 (N.D. Tex. 2001) ("At the time of the

incident, plaintiff had been convicted of a crime and was back in jail on probation violation ...

Consequently, it is clear plaintiff was not in jail on a new offense but on his old conviction and,

for purposes of this analysis, was a convicted prisoner at the time of the incident.").  Thus,

Plaintiffs' claim based on an Eighth Amendment violation should not be dismissed at this time.

(3) Failure to state a Fourteenth Amendment violation

        The CiviGenics Defendants argue that CiviGenics-Texas, Inc., the subsidiary of

CiviGenics, Inc., was the operator of Bowie County Correctional Center where Williams' suicide

occurred and thus that the wrong party was sued.  Generally, "'a parent [entity] ... is not liable'

for actions taken by its subsidiaries."  *Mills v. City of Port Authur, Tex.*, 2006 WL 3531460 at * 9

(E.D. Tex. 2006) (quoting *Bridas S.A.P.I.C. v. Gov't of Turkmenistan*, 447 F.3d 411, 416 (5th

Cir. 2006)).  However, the "alter ego doctrine 'applies when there is such unity between the

parent corporation and its subsidiary that the separateness of the two corporations had ceased and

holding only the subsidiary corporation liable would result in injustice.'" *Kelly v. Syria Shell*

*Petroleum Dev. B.V.*, 213 F.3d 841, 857 (5th Cir. 2000) (quoting *Gardemal v. Westin Hotel Co.*,

186 F.3d 588, 593 (5th Cir. 1999)).[2]  In their responsive brief, Plaintiffs point out that

CiviGenics, Inc. was the guarantor for the contract between Bowie County and CiviGenics-

Texas, Inc. and that the two entities "[used] the same employees, supervisors, management,

address, officers and facilities."  Dkt. No. 31 at 5-6.  Thus, the Court finds that the Plaintiffs may

be able to prove its theory of alter ego after further fact discovery.  Although the CiviGenics

Defendants point out that "Plaintiffs' Complaint contains no allegations of fraud, alter-ego,

sham, or any other vehicle to pierce the corporate viel,"[3] the Court is not inclined to dismiss

Plaintiffs' claims without allowing Plaintiffs an opportunity to amend their Complaint.  The

Court will allow Plaintiffs to replead with specificity their theories for piercing the corporate veil.

The CiviGenics Defendants also argue that the contracts with Bowie County exempted

medical care.  Dkt. No. 27 at 13-14.  The Eighth Amendment imposes a duty on prison officials

to "ensure that inmates receive adequate food, clothing, shelter, and medical care."  *Farmer v.*

*Brennan*, 511 U.S. 825, 832 (1994).  "Contracting out prison medical care does not relieve the

State of its constitutional duty to provide adequate medical treatment to those in its custody."

---

[2] Although the alter ego doctrine is more commonly discussed in the context of a motion to dismiss for lack of jurisdiction, it is equally applicable in a 12(b)(6) motion. *See U.S. ex rel. Wilkins v. North American Const. Corp.*, 173 F.Supp.2d 601, 643 n. 35 (S.D.Tex. 2001) ("Although Rule 12(b)(6) motions to dismiss alter ego claims normally come in the context of jurisdictional challenges, courts will dismiss alter ego claims where the plaintiff 'alleges no facts that, if proved, would ... permit a court to impose liability on [defendant] for the acts of its parent [or subsidiary] under an alter ego theory.'" (quoting *Resolution Trust Corp. v. Driscoll,* 985 F.2d 44, 48 (1st Cir.1993))).

[3] Dkt. No. 27 at 12.

*West v. Atkins*, 487 U.S. at 56.  By the same token, although CMS and not CiviGenics, Inc. is responsible for providing basic medical services to the prisoners, the CiviGenics Defendants still hold a duty to "ensure that inmates receive adequate ... medical care."  *Farmer v. Brennan*, 511 U.S. at 832.  Therefore, the Court finds it inappropriate to dismiss Plaintiffs' claims against the CiviGenics Defendants on this basis at this time.

The CiviGenics Defendants further argue that Plaintiffs' Complaint improperly seeks to impose vicarious liability on GiviGenics, Inc. based on the actions of its employees.  Dkt. No. 27 at 14.  It is well established that a local government may not be sued under § 1983 for injury inflicted solely by its nonpolicy-making employees or agents.  *Swint v. Chambers County Com'n*, 514 U.S. 35, 38-39 (1995) (citing *Monell v. New York City Dept. of Social Servs.*, 436 U.S. 658, 694 (1978)).  However, this does not provide municipalities with immunity from suit—municipalities may still be held liable when "a municipal policy or custom caused the constitutional injury."  *Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit*, 507 U.S. 163, 166-67 (1993).  Moreover, although the CiviGenics Defendants cite to *Monell*, *supra*, for support, the applicability of *Monell* is questionable since CiviGenics, Inc. is a private entity, not a municipality.  Thus, the Court declines to dismiss Plaintiffs' claims against CiviGenics, Inc. on this basis at this time.

Finally, the CiviGenics Defendants argue that Plaintiffs' policy allegations are deficient. Dkt. No. 27 at 14-16; *See also* Complaint at ¶ 42.  As Defendants argue, "[t]he description of a policy or custom and its relationship to the constitutional violation ... cannot be conclusory; it must contain specific facts."  *Spiller v. City of Texas City*, 130 F.3d 162, 167 (5th Cir. 1997). The Court is not inclined to dismiss Plaintiffs' claims without allowing Plaintiffs an opportunity

to amend their Complaint.  The Court will allow Plaintiffs to replead with specificity their policy

allegations.

**2. Defendants' entitlement to qualified immunity**

The CMS Defendants assert that they are entitled to qualified immunity.  Dkt. No. 25 at

6-7.  "[G]overnment officials performing discretionary functions generally are granted a qualified

immunity and are 'shielded from liability for civil damages insofar as their conduct does not

violate clearly established statutory or constitutional rights of which a reasonable person would

have known.'" *Wilson v. Layne*, 526 U.S. 603, 609 (1999) (quoting *Harlow v. Fitzgerald*, 457

U.S. 800, 818 (1982)).  However, in *Richardson v. McKnight*, the Supreme Court held that the

employees of a private prison management firm were not provided qualified immunity.

*Richardson v. McKnight*, 521 U.S. 399 (1997).  The CMS Defendants attempt to distinguish

*Richardson* on the basis that the case "[did not] involve a private individual ... acting under close

official supervision" and that defendants in the present case are medical professionals.  Dkt. No.

33 at 4.  The CMS Defendants argue that medical care providers are uniquely affected by the

"inherently coercive institutional setting" as noted in *West v. Akins* and *Chauncey v. Evans*.  *Id.* at

4-5; *See West v. Akins*, 487 U.S. 42, 56 n. 15 (1988); *Chauncey v. Evans*, 2003 WL 21730580 at

*2 (N.D. Tex. 2003).

The Court finds this argument unpersuasive since *West v. Akins* dealt with a question of

whether a physician who was under contract with a state to provide medical services to inmates

at a state prison acted under color of state law within the meaning of § 1983.  *See Id.*  As stated in

*Richardson v. McKnight*, "§ 1983 immunity does not automatically follow § 1983 liability."

*Richardson v. McKnight*, 521 U.S. at 412.  Further, the decision in *Chauncey v. Evans* was made

on a summary judgment motion at the stage where facts were sufficiently developed.  "[I]f the defendant asserts qualified immunity, the complaint should generally not be dismissed for failure to state a claim because the issue of whether immunity applies is a factual question related to the merits."  *Baker v. Putnal*, 75 F.3d 190, 197 (5th Cir. 1996) (citing *Scheuer v. Rhodes*, 416 U.S. 232 (1974)).  Therefore, the Court finds it inappropriate to dismiss Plaintiffs' claims on this basis at this time.  After the discovery deadline, the Court can determine whether the case can proceed and consider any motions for summary judgment under Rule 56.  *See Baker v. Putnal*, 75 F.3d at 197.

### 3. Plaintiffs' Americans with Disabilities Act ("ADA") claim

The CMS and CiviGenics Defendants also argue that Plaintiffs fail to state an ADA claim since they do not allege discriminatory intent on the part of the Defendants.  Dkt. No. 25 at 9; Dkt. No. 27 at 20-22.  To state a claim under the ADA, Plaintiffs must allege that Williams was refused treatment due to his disability.  *Davidson v. Texas Dept. of Criminal Justice, Institutional Div.*, 91 Fed. Appx. 963, 966 (5th Cir. 2004) ("[Plaintiff's] ADA claim lacks merit because he has not shown or alleged that he was adversely treated solely because of his handicap of mental illness.").  Although Plaintiffs have alleged repeated incidents where Defendants failed to provide mental evaluation or treatment to Williams despite his unusual behavior and suicide attempts, Plaintiff has not alleged that Williams was denied medical treatment *because of* his disability.  Therefore, the Court dismisses Plaintiffs' ADA claim.

### 4. Plaintiffs' injunctive relief claim

The CiviGenic Defendants further request that Plaintiffs' claims for injunctive relief for other unnamed inmates be dismissed for lack of standing.  Dkt. No. 27 at 24-27.  To establish

standing, plaintiff must prove (1) an injury-in-fact; (2) a causal connection between the injury and the conduct complained of; and (3) it must be likely that the injury will be redressed by a favorable decision. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992).  Defendants argue that Plaintiffs cannot show a real or imminent threat of injury since Williams is deceased. Dkt. No. 27 at 25-26.  Plaintiffs have not, in their briefing nor at the hearing, responded to this issue.  Local Rule CV-7(d) provides that "[i]n the event a party fails to oppose a motion in the manner prescribed herein, the court will assume that the party has no opposition."  L.R. CV-7(d). Therefore, the Court dismisses the Plaintiffs' claims for injunctive relief as provided in ¶¶ 61-63 of their Complaint.

## IV. CONCLUSION

For all of the foregoing reasons, the Court hereby **GRANTS** the dismissal of Plaintiffs' claims relating to the Rehabilitation Act and Chapter 614 of the Health and Safety Code, Plaintiffs' § 1983 claim to the extent it rests on violation of the Fifth Amendment, Plaintiffs' ADA claim, and Plaintiffs' claim for injunctive relief.  The Court **DENIES** dismissal of Plaintiffs' § 1983 claim to the extent it rests on violation of the Eighth Amendment.  The Court **DENIES WITHOUT PREJUDICE TO REFILING** dismissal of Plaintiffs' § 1983 claim to the extent it rests on violation of the Fourteenth Amendment.  The CMS Defendants' Motion to Dismiss (Dkt. No. 25) and the CiviGenics Defendants' Motion to Dismiss (Dkt. No. 27) are **GRANTED IN PART** and **DENIED IN PART**.

It is further **ORDERED** that Plaintiffs are allowed to amend their Original Complaint within twenty (20) days from the date of entry of this Order to correct the deficiencies discussed above (replead to specify the personal involvement of each defendant, replead with specificity

their theories for piercing the corporate veil and their policy allegations).  Failure to amend within the deadline may result in permanent dismissal of Plaintiff's lawsuit.

**SIGNED this 3rd day of January, 2008.**

DAVID FOLSOM
UNITED STATES DISTRICT JUDGE